UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Sarah M. Christiansen, | Case No. 22-CV-2477 (KMM/TNL) |
| Plaintiff, | |
| v. | **ORDER ON SUMMARY JUDGMENT** |
| Honeywell International Inc., | |
| Defendant. | |

Before the Court is Defendant Honeywell International Inc.'s ("Honeywell") Motion for Summary Judgment. ECF 18. For the following reasons, the motion is denied. However, this denial is without prejudice, meaning that Honeywell may renew its motion, consistent with the discussion and order below.

I. **Discussion**

During the pendency of Honeywell's motion, the Eighth Circuit has clarified the legal landscape for Title VII employment cases arising out of disputes over common workplace policies implemented during COVID-19, like those brought by Plaintiff Sarah M. Christiansen in this case. Specifically, the Eighth Circuit has recently handed down at least two significant decisions concerning the viability of religious discrimination claims based on plaintiffs' refusal to submit to mandatory COVID vaccination and/or refusal to submit to alternative requirements, such as routine testing or masking, in lieu of vaccination.

1

In the first of these cases, *Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894 (8th Cir. 2024), the court reversed dismissal of Title VII claims, stemming from plaintiffs' alleged termination from their jobs due to religious objections to being vaccinated or their religious objections to routine testing in lieu of vaccination. In a second case, *Cole v. Grp. Health Plan, Inc.*, 105 F.4th 1110 (8th Cir. 2024), the court again reversed dismissal of Title VII claims arising from a plaintiff's religious-based refusal to be vaccinated and the allegation that her employer unlawfully discriminated against her by subsequently requiring her to wear identification of her nonvaccinated status within the workplace and to abide by disparate masking requirements from vaccinated colleagues.

There are important details and differentiations in the factual, legal, and procedural settings presented by *Ringhofer* and *Cole*, and between both cases and this one. The Court declines to fully explore these nuances here. However, for the purposes of this Order, the Court broadly interprets both holdings as standing for a unified proposition against judicial skepticism of pandemic-related Title VII claims. Courts are specifically counseled against drawing conclusions as a matter of law about the sincerity of religious objections to COVID vaccination or as to the nature of accommodation for those who eschew such vaccination on purportedly religious grounds.

This case, unlike *Ringhofer* and *Cole*, is at summary judgment. However, a large portion of Honeywell's argument for summary judgment relies upon the purported failure of Ms. Christiansen's *prima facie* case and mirrors arguments presented in *Ringhofer* and *Cole* at the motion to dismiss stage. *See, e.g.*, ECF 20 (Def's Mem. in Supp. of S.J.) at 15–19. In essence, Honeywell asks this Court to make determinations, notably without

2

significant citation to a discovery record, about the veracity and sincerity of Ms. Christiansen's beliefs. *See id*. Indeed, in support of its position, Honeywell cites to both of the underlying district court decisions[1] that were overruled in *Ringhofer* and *Cole* and invites the Court to make determinations at summary judgment that would not be meaningfully different than those cases considered on a motion to dismiss. *See id*. at 15, 16, 18.

In light of the above, the Court concludes that the best course of action now is to deny Honeywell's motion and grant leave for a renewed round of summary judgment motion practice at the parties' discretion. In doing so, the Court does not signal that Honeywell's existing arguments *cannot* support summary judgment. Instead, it is the Court's belief that it is unwise to attempt to anticipate arguments that either party might wish to now abandon, modify, or introduce in light of intervening case law. To be clear, the Court's allowance for Honeywell to renew its summary judgment motion extends as well to Ms. Christiansen, who is litigating *pro se* and appears to have wished to make her own affirmative motion for summary judgment while also opposing Honeywell's. *See* ECF 25 (Pl's Opp. to S.J.) at 1 (stating that she "submits this Memorandum in opposition to Defendant's motion for summary judgment and to set forth her argument why she should be granted summary judgment.").

---

[1] These are *Cole v. Grp. Health Plan, Inc.*, No. 22-CV-2686, 2023 WL 5155202 (D. Minn. Aug. 10, 2023) and *Kiel v. Mayo Clinic Health Sys. Se. Minnesota*, No. 22-CV-1319, 2023 WL 5000255 (D. Minn. Aug. 4, 2023).

The Court also finds that a second reason exists to deny the pending motion with leave to file again. As previously addressed, the Court is concerned about objections raised by Ms. Christiansen in her opposition briefing to summary judgment regarding Honeywell's participation in the discovery process. *See* ECF 30. There is merit to Honeywell's argument that such objections should have been raised much earlier and by alternative means. But Honeywell's response does not fully allay the broader concern that Ms. Christiansen's *pro se* status, and her lack of professional familiarity with the typical give-and-take of the civil discovery process, has resulted in an incomplete discovery record, potentially to her detriment. Indeed, the purported deficiencies identified by Ms. Christiansen in her opposition briefing take on a heightened significance in light of the Eighth Circuit guidance discussed elsewhere in this Order. Simply put, the Court strongly disfavors the entry of summary judgment in this matter if there is any doubt that discovery has been conducted fully and fairly.

Having explained the basis for its denial of the pending motion, the Court will lay out some initial next steps. To facilitate the orderly development of this litigation going forward, Ms. Christiansen will be referred to the Minnesota Chapter of the Federal Bar Association's Pro Se Project so that she may have an opportunity to consult with an attorney concerning her claims. As the Court's referral letter makes clear, the referral is no guarantee that an attorney will agree to represent her, but the Project should be able to find a volunteer lawyer with whom Ms. Christiansen can consult. The Court will also stay this case for 30 days to allow for the referral process to play out.

At the conclusion of the stay, whether or not Ms. Christiansen secures a consultation or representation, the Court will ask Magistrate Judge Leung to convene a status conference at his convenience to discuss next steps. Magistrate Judge Leung can determine whether additional discovery from Honeywell is needed in light of the issues raised by Ms. Christiansen. He can also consider the potential need for modification of a scheduling order.

## II. Order

Consistent with the above, **IT IS HEREBY ORDERED that:**

1. Defendant's Motion for Summary Judgment (ECF 18) is **DENIED**.

2. By separate letter, Plaintiff shall be referred to the Federal Bar Association's *Pro Se* Project for a potential consultation with a volunteer attorney.

3. This matter is stayed for 30 days from the date of this Order.

Date: July 17, 2024

                                             *s/ Katherine M. Menendez*
                                             Katherine M. Menendez
                                             United States District Judge